FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

March 26, 2025

Christopher M. Wolpert
Clerk of Court

---

DR. FREDERICK WILLIAM "ERIC" CUBIN, III,

    Plaintiff - Appellant,

v.

MARK GORDON, in both his personal and official capacities as Governor of Wyoming,

    Defendant - Appellee.

No. 24-8084
(D.C. No. 1:24-CV-00164-SWS)
(D. Wyo.)

---

**ORDER**

---

This matter is before the court on receipt and initial review of: (1) plaintiff-appellant Dr. Frederick William Cubin, III's opening brief; and (2) his appendix, Volume 2 of which is filed under seal. Dr. Cubin did not, however, file a motion seeking leave to file Volume II under seal.

The court notes that:

A.    Volume II contains: (1) a transcript of the preliminary injunction proceedings [Dist. Ct. Dkt. No. 46] which is docketed in the district court under a 90-day restriction pursuant to the policy of the Judicial Conference of the United States [JCUS-SEP 07, p. 12]; and (2) Exhibits 1-13 to that transcript, which are publicly docketed in the district court as Dist. Ct. Dkt. Nos. 48-60;

B.     Dr. Cubin's counsel purchased the transcript [Dist. Ct. Dkt. No. 45];

C.     This court's *Notice Regarding Access to Transcripts Filed in the Tenth Circuit Court of Appeals* [available at [Transcript Access Policy | Tenth Circuit | The United States Court of Appeals]] provides that "[t]ranscripts purchased by a party that are included in that party's publicly-filed appendix" are not restricted in this court, *see id.* (citing *Guide to Judiciary Policy*, Vol. 6, Ch. 5, § 560(a) ("Transcripts are in the public domain, and they may be used, reproduced, and sold by attorneys, parties, and the general public without additional compensation to the court reporter, contractor, or transcriber."); and

D.     It is unclear to the court whether Dr. Cubin filed Volume II of his appendix under seal because of the 90-day restriction or for other reasons.

Upon consideration, the court directs Dr. Cubin—on or before April 2, 2025—to file either: (a) a motion to seal Volume II that provides all of the information Tenth Circuit Rule 25.6(A) requires; or (b) a notice that Volume II may be publicly filed.

The court will deem Dr. Cubin's failure to timely file a motion to seal as his consent to unseal Volume II of his appendix and publicly file it on the court's docket.

Appellee Mark Gordon's response brief remains due on April 25, 2025.

                                                             Entered for the Court

                                                             CHRISTOPHER M. WOLPERT, Clerk